IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RASHAD SHERIFE OLIPHANT,
    Plaintiff,

vs.                                                   Case No.: 5:12cv343/MP/CJK

J. ELLIS, et al.,
    Defendants.
_____

ORDER and
REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding *pro se*, commenced this action on October 18, 2012 by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). He did not submit any money for the filing fee at the time he submitted his complaint. Plaintiff makes several claims against the defendants in his complaint. Plaintiff first claims that on April 5, 2011, one of the defendants, Corrections Officer Bellamy, allowed another inmate into the law library with the intention that the inmate assault the plaintiff. (Doc. 1, pp. 6-7). The inmate who plaintiff alleges was let into the law library by Officer Bellamy, subsequently assaulted plaintiff in the library. (Doc. 1, p. 6). Following this incident, Officer Bellamy mocked the plaintiff while plaintiff was bleeding in a cell. (Doc. 1, pp. 14-15). Plaintiff also claims that in 2010, Commissary Officer Danny Ray Sylvester refused to acknowledge plaintiff's medical pass that would allow the plaintiff to

proceed to the front of the food line due to his injured hip. (Doc. 1, p . 7). Plaintiff contends that as a result of this refusal, he was forced to wait in line for over one hour causing him unnecessary pain. (Doc. 1, pp. 7-8). Plaintiff further contends that the defendants deprived him of his due process rights by failing to make copies of witness statements available to him. (Doc. 1, p. 15). In a related claim, plaintiff alleges that defendant Flora Johnson submitted false statements in her responses as a witness in the grievance process. (Doc. 1, p. 15). Plaintiff posits that the defendants acted to limit the evidence available to the plaintiff in an effort to hinder his ability to hold the defendants accountable for their actions. (Doc. 1, pp. 11, 15-16).

On October 29, 2012 this court entered an order granting plaintiff leave to proceed *in forma pauperis*. (Doc. 4). It is come to the court's attention, however, that plaintiff's prison-generated lawsuits have been dismissed by judges of the Middle District of Florida ("Middle District") and Western District of North Carolina ("Western District") as frivolous, malicious, or failing to state a claim upon which relief may be granted.[1] This court and the Middle District have previously dismissed plaintiff's cases because he is a "three striker." *See* Doc. 14 in Case No. 5:10cv135/RS/AK; *see also* Doc. 4 in Case No. 3:06cv253/HLA/HTS. Thus, this court's previous order granting plaintiff leave to proceed *in forma pauperis* will be vacated and this case dismissed under 28 U.S.C. § 1915(g).[2]

---

[1] Case No. 1:96-cv-129 (W.D.N.C.); Case No. 1:97-cv-214 (W.D.N.C.); Case No. 3:04-cv-1261-J-99TEM (M.D. Fla.).

[2] Title 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under ths section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

By the time plaintiff submitted the instant case, he was aware that he had three strikes and could not proceed *in forma pauperis*. Evidencing this fact, soon after plaintiff was granted *in forma pauperis* status he filed a notice, (doc. 6), alerting the court that his cases in the past have been dismissed under the three-strikes provision. In his notice, plaintiff argues that *McAlphin v. Toney*, 281 F.3d 709 (8th Cir. 2002), holds that an inmate's complaint alleging denial of medical treatment is sufficient to show an imminent danger of serious physical injury. (Doc. 6, p. 2). *McAlphin*, however, is factually distinct from the instant case. In *McAlphin*, the inmate who was subject to the three-strikes provision had an infection in his mouth, that was spreading, and delay in the dental procedure could allow the infection to infect an even greater area of his mouth. 281 F.3d at 710. Here, plaintiff's only allegations of denial of medical treatment are that he was forced to stand in line on his injured hip despite a medical pass, and that defendant Bellamy taunted him while he was bleeding in a cell. The injury from the assault occurred in April 2012 and appears from the complaint to be an isolated incident. Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest he is under imminent danger of serious physical injury.

Because he did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed. Leave should not be provided so that he can pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002).

---

prisoner is under imminent danger of serious physical injury.

Accordingly, it is ORDERED:

1. This court's October 29, 2012 order granting plaintiff leave to proceed *in forma pauperis* (doc. 4) is VACATED.

2. Plaintiff's "Motion to Correct/Better Clarify Previous Lawsuits Mention [sic] in IV section of his complaint," (doc. 5), is DENIED as moot

And it is respectfully RECOMMENDED:

That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g) and the clerk be directed to close the file.

At Pensacola, Florida this 13th day of November, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).